UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VICTOR MIKHAEL,

             Plaintiff,                              1:25-cv-3707

       -against-                            COMPLAINT

MANHATTAN MEDICAL ASSOCIATES, LLC
PRIMIS BANK, and
TRANS UNION, LLC

             Defendants
------------------------------------------------------------------x

Plaintiff VICTOR MIKHAEL ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC , brings this action against MANHATTAN MEDICAL ASSOCIATES, LLC ("MMA"), PRIMIS BANK ("PRIMIS") and TRANS UNION, LLC ("TRANS UNION") and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Manhattan Medical Associates for using Plaintiff's identity to obtain a loan in his name without his knowledge or consent. Plaintiff brings this action against Defendants Primis Bank and Trans Union, LLC for violating the Fair Credit Reporting Act by failing to properly investigate Plaintiffs' multiple disputes of the fraudulent loan reporting on Plaintiff's credit report with Trans Union.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332,

as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, a natural person, qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c).

6. Defendant Manhattan Medical Associates, LLC is a medical practice located in Manhattan, New York, duly authorized and qualified to do business in the State of New York.

7. Defendant Primis Bank is a Virginia bank, duly authorized and qualified to do business in the State of New York.

8. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

9. Plaintiff went to Defendant Manhattan Medical Associates for a therapeutic ultrasound treatment to reduce the size of his prostate.

10. Defendant MMA informed Plaintiff this his treatments would be covered by his health insurance. The treatments were otherwise scheduled to cost at most approximately $300 per session.

11. Plaintiff's first session with MMA was on December 7, 2022. On that date MMA made a claim for reimbursement from Plaintiff's health insurance.

12. Plaintiff had six sessions with MMA, but his insurance claim was denied, and Plaintiff stopped treatment once he learned that they would not be covered by his insurance.

13. After Plaintiff's insurance claim was denied, he stopped going for treatments.

14. On that same date of his initial treatment, unbeknownst to Plaintiff Defendant MMA applied for and obtained a $5,000 loan in Plaintiff's name with Defendant Primis Bank.

15. Plaintiff is informed and believes that MMA kept the proceeds of that loan for themselves.

16. Plaintiff did not apply for the loan or authorize MMA to apply for the loan in his name. Primis Bank never sent Plaintiff any bills or notified him about the loan in any manner. In fact, Plaintiff was unaware of the loan until several months ago when he saw the loan on his credit reports.

17. Plaintiff never received a bill from Primis Bank or got any phone calls from them about the loan.

18. Despite Plaintiff being completely unaware of the loan, someone had been making monthly payments on the loan until they stopped several months ago. Plaintiff is informed and believes that Defendant MMA made all payments on the loan until it stopped making payments on the loan around January 2025.

19. After MMA stopped making payments on the loan it is now reporting as delinquent and causing substantial harm to Plaintiff's credit.

20. Plaintiff finally learned about the loan after seeing it on his Trans Union credit report. Upon learning of the fraudulent loan Plaintiff filed a police report and began disputing the loan with Trans Union in writing.

21. Plaintiff notified Trans Union that he never applied for the loan and asked them to remove it from his credit report. He sent Trans Union a copy of the police report as further proof that the loan did not belong to him.

22. Plaintiff is informed and believes that Trans Union forwarded copies of those disputes and all supporting documentation to Primis Bank.

23. Primis Bank refused to conduct a reasonable investigation of Plaintiffs' multiple disputes through Trans Union, and "verified" that the loan belonged to Plaintiff in response to each dispute3.

24. Trans Union likewise failed to conduct any meaningful independent reinvestigations into Plaintiff's disputes and instead merely "parroted" the results of Primis inadequate investigation and at repeatedly refused to remove the fraudulent account from Plaintiff's credit report.

25. Plaintiff has suffered damage as a result of Defendants' unlawful conduct, including damage to his credit, invasion of his privacy and emotional distress damages.

## FIRST CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Manhattan Medical Associates Only

26. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

27. Defendant Primis Bank violated NY GBL § 380-s by knowingly and with the intent to defraud did obtain a loan in Plaintiff's name without his knowledge and consent and used the proceeds of that loan for their own benefit.

28. Plaintiff suffered damages as a result of Defendant's conduct, including but not limited to damage to his credit, invasion of privacy and emotional distress.

29. Accordingly, Defendant is thus liable to the Plaintiff for actual, punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and

reasonable attorney's fees incurred as a result of Defendants' NY FCRA violations, pursuant to 380 § GBL-l.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against Primis Bank and Trans Union Only

30. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

31. Defendant Primis Bank obtained a copy of Plaintiff's credit reports without his knowledge or consent and without a permissible purpose to do so in violation of 15 USC § 1681b.

32. Defendants Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

33. Such reports erroneously included false and derogatory payment information associated with the fraudulent loan.

34. Defendant Tran Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject Primis Bank loan.

35. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding his disputes.

36. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment

information associated with the subject Primis Bank loan from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

37. Defendant Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(a) by failing to block the subject Primis Bank loan after Plaintiff provided Trans Union with a copy of the police report detailing the fraudulent loan taken out in Plaintiff's name.

38. Defendant Tran Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify Plaintiff that it was refusing to block the subject Primis Bank loan in the manner proscribed by that section.

39. After receiving notification of the Plaintiff's disputes from Trans Union, Defendant Primis Bank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

40. Defendant Primis Bank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by Trans Union in conducting its reinvestigations of the subject account.

41. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: May 1, 2025

Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group PLLC
238 Merritt Drive
Oradell, NJ 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*